**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAJWANT KAUR, a.k.a. Kiranjit Kaur Butter, a.k.a. Kiranjit Kaur, a.k.a. Kiranjit Kaur Mahal; NAVJYOT KAUR, | Nos. 07-71747, 08-73003 |
| Petitioners, | Agency Nos. A075-246-028 A075-246-029 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:     LEAVY, PAEZ, and BEA, Circuit Judges.

In these consolidated petitions for review, Rajwant and Navjyot Kaur,

natives and citizens of India, petition for review of the Board of Immigration

Appeals' ("BIA") orders denying their motion to reconsider the denial of their first

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

motion to reopen, dismissing their appeal from an immigration judge's ("IJ")

decision rejecting their second motion to reopen, and denying their third motion to

reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

discretion the denial of a motion to reconsider or reopen, and review de novo

questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).

We deny both petitions for review.

The BIA did not abuse its discretion in denying petitioners' motion to

reconsider where they failed to identify any error of law or fact in the BIA's

previous order concluding that petitioners' June 19, 2006, motion to reopen was

properly denied as untimely. *See* 8 C.F.R. § 1003.2(b)(1). The BIA also did not

abuse its discretion in rejecting petitioners' ineffective assistance of counsel claim

where they failed to comply with the requirements set forth in *Matter of Lozada*,

19 I. & N. Dec. 637, 639 (BIA 1988), and the ineffective assistance they alleged

was not plain on the face of the record. *See Reyes v. Ashcroft*, 358 F.3d 592, 597-

99 (9th Cir. 2004). Petitioners' contention that the BIA violated due process by

disregarding their evidence of ineffective assistance therefore fails.

The agency correctly concluded that the IJ lacked jurisdiction over

petitioners' October 19, 2007, motion to reopen. *See* 8 C.F.R. § 1003.23(b)(1) (the

IJ may reopen a case "unless jurisdiction is vested with the [BIA]"); *In re C-W-L-*,

24 I. & N. Dec. 346, 351 (BIA 2007) (jurisdiction over a motion to reopen lies with the BIA when it was the last body to render a decision in the case). In light of the foregoing, petitioners' contention that the IJ violated due process by failing to consider the merits of their motion is unavailing.

Finally, the BIA did not abuse its discretion in denying petitioners' January 23, 2008, motion to reopen as untimely where, even assuming petitioners were entitled to equitable tolling, they filed their motion more than 90 days after meeting with present counsel and learning of the alleged ineffectiveness of their prior attorneys. *See Ghahremani v. Gonzales*, 498 F.3d 993, 999-1000 (9th Cir. 2007) (under equitable tolling doctrine, statutory filing period begins once a petitioner "definitively learns" of her claim). Given its dispositive untimeliness determination, the BIA did not abuse its discretion by declining to address the merits of petitioners' motion.

**PETITIONS FOR REVIEW DENIED.**